IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CASSANDRA SUTTON, | * | |
| Plaintiff, | * | |
| | | Civil Action No. RDB-19-0542 |
| v. | * | |
| STATE OF MARYLAND DEPARTMENT OF HUMAN SERVICES, | * | |
| | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM ORDER**

Plaintiff Cassandra Sutton ("Plaintiff" or "Sutton") alleges that her current employer, Defendant the State of Maryland Department of Human Services ("Defendant" or "DHS"), denied her reasonable accommodations for her disability and retaliated against her. On December 27, 2018, Sutton commenced this action in the Circuit Court for Baltimore City, Maryland. On February 21, 2019, Defendant removed the case to this Court, citing the removal statute and federal question jurisdiction. *See* 28 U.S.C. § 1441, *et seq.*; 28 U.S.C. § 1331. Sutton's Complaint brings causes of action under both Title I of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12111, *et seq.* and the State of Maryland's Fair Employment Practices Act ("FEPA"), Md. Code Ann., State Gov't §§ 20-601, *et seq.* Her Complaint is comprised of four counts: disability discrimination in violation of the ADA (Count I); disability discrimination in violation of FEPA (Count II); retaliation in violation of the ADA (Count III); and retaliation in violation of FEPA (Count IV). Sutton seeks only monetary relief.

1

Now pending before this Court are Plaintiff's Motion to Remand (ECF No. 5) and Defendant's Motion to Dismiss Counts III and IV of the Complaint (ECF No. 13). The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2018). For the reasons that follow, Plaintiff's Motion to Remand (ECF No. 5) is DENIED with respect to her federal ADA claims as set forth in Counts I and III, and GRANTED with respect to her state claims set forth in Counts II and IV. Therefore, Defendant's Motion to Dismiss Counts III and IV of the Complaint (ECF No. 13) is DENIED AS MOOT. This Court has original jurisdiction over Plaintiff's ADA claims (Counts I and III). *See* 28 U.S.C. § 1331. The State of Maryland enjoys sovereign immunity from these claims in both state and federal court. Accordingly, Plaintiff's ADA claims (Counts I and III) are DISMISSED WITH PREJUDICE. With the dismissal of these claims, only Plaintiff's state law claims remain. This Court declines to exercise supplemental jurisdiction over the state claims and REMANDS this case to state court for adjudication of Plaintiff's state FEPA claims (Counts II and IV). *See* 28 U.S.C. § 1367(c)(3).

## STANDARD OF REVIEW

### I. Motion to Remand

A defendant in a state civil action may remove the case to federal court only if the federal court can exercise original jurisdiction over at least one of the asserted claims. 28 U.S.C. § 1441(a)-(c). Once an action is removed to federal court, the plaintiff may file a motion to remand the case to state court if there is a contention that jurisdiction is defective. 28 U.S.C. § 1447(c). The party seeking removal bears the burden of establishing jurisdiction in the federal court. *Johnson v. Advance America*, 549 F.3d 932, 935 (4th Cir. 2008). On a motion to remand,

this Court must "strictly construe the removal statute and resolve all doubts in favor of remanding the case to state court." *Richardson v. Phillip Morris, Inc.*, 950 F. Supp. 700, 701-02 (D. Md. 1997) (citation omitted); *see also Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 815-16 (4th Cir. 2004).

## II. Motion to Dismiss for Failure to State a Claim

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The purpose of Rule 12(b)(6) is "to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006). While a complaint need not include "detailed factual allegations," it must set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing a Rule 12(b)(6) motion, a court " 'must accept as true all of the factual allegations contained in the complaint' " and must " 'draw all reasonable inferences [from those facts] in favor of the plaintiff.' " *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted); *Hall v. DirectTV, LLC*, 846 F.3d 757, 765 (4th Cir. 2017). However, a court is not required to accept legal conclusions drawn from those facts. *Iqbal*, 556 U.S. at 678.

## ANALYSIS

### I. Removal is Proper Because Plaintiff Asserts Claims Under the ADA.

3

Plaintiff argues that removal of this case is "not legitimate" and a "waste of . . . judicial resources" because the state may successfully assert a sovereign immunity defense to her ADA claims, thereby depriving this Court of jurisdiction over those claims. (Pl.'s Mot. to Remand 4, ECF No. 5-1; Pl.'s Reply 2, ECF No. 17.) Plaintiff appears to argue that the State's potential sovereign immunity defense deprives this Court of jurisdiction entirely. (Pl.'s Mot. to Remand 1, ECF No. 5-1.) A defendant in a state civil action may remove the case to federal court if the federal court can exercise original jurisdiction over at least one of the asserted claims. 28 U.S.C. § 1441(a). Federal district courts have original jurisdiction over claims "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. To determine whether a plaintiff's claims "arise under" the laws of the United States, this Court adheres to the "well-pleaded complaint rule," which requires an assessment of the allegations of the Complaint, rather than potential defenses. *Prince v. Sears Holdings Corp.*, 848 F.3d 173, 177 (4th Cir. 2017); *Harless v. CSX Hotels, Inc.*, 389 F.3d 444, 450 (4th Cir. 2004).

Removal is proper in this case. Plaintiff brings two counts under a law of the United States—namely, the ADA. As such, this Court has original jurisdiction over Plaintiff's claims. The Defendant may therefore remove the entire case to federal court. Defendant's entitlement to sovereign immunity on these counts has no bearing on this analysis, as this Court must look only to the allegations in the Complaint—not to potential defenses—when determining whether removal is proper.

## II. The State of Maryland has not Waived its Sovereign Immunity to Title I ADA Claims Asserted in its Own Courts.

Plaintiff recognizes that this Court may exercise original jurisdiction over Defendant's ADA claims. She nevertheless argues that the Defendant's removal is "not legitimate" because

4

the State has strategically chosen to remove this case in order to assert a sovereign immunity defense unavailable in its own courts. (Pl.'s Reply 2, ECF No. 17.) Plaintiff's argument is premised on her assertion that the State of Maryland has waived its sovereign immunity defense in state court but has not done so in federal court. In other words, Plaintiff argues that it would be unfair for the State to regain its sovereign immunity by removing this action to federal court.

Plaintiff's arguments misapparehend the nature of sovereign immunity and the State of Maryland's limited waiver of immunity in its own courts. In general, the doctrine of sovereign immunity prohibits suits against non-consenting states. Under the Eleventh Amedment, states are immune from suit brought by their own citizens in federal court. *Bragg v. West Virginia Coal Ass'n*, 248 F.3d 275, 291 (4th Cir. 2001) (citing *Litman v. George Mason Univ.*, 186 F.3d 544, 549 (4th Cir. 1999). The Eleventh Amendment does not constrain sovereign immunity only to suits in federal court; rather, it merely "evidenc[es] and exemplifi[es]" the broader concept of sovereign immunity. *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 267-68, 117 S. Ct. 2028 (1997). States also enjoy immunity to private lawsuits brought in their own courts under federal law. *Alden v. Maine*, 527 U.S. 706, 712, 119 S. Ct. 2240 (1999).

The state may waive its entitlement to sovereign immunity in its own courts and retains "sole control" over its decision to do so. *Lee-Thomas v. Prince George's Cty Pub. Schs.*, 666 F.3d 244, 256 (4th Cir. 2012) (quoting *Alden*, 527 U.S. at 749, 119 S. Ct. 2240). To determine whether Maryland has waived its immunity in its own courts, this Court must turn to Maryland law. *Lee-Thomas*, 666 F.3d at 256 ("A ruling from the state's highest court interpreting a statutory waiver provision is conclusive with respect to the nature and extent of the state's

immunity in state court"). Maryland state courts have "long applied the doctrine of sovereign immunity in actions against the State." *Board of Educ. v. Zimmer-Rubert*, 409 Md. 200, 239-40, 973 A.2d 233 (2009) (quoting *ARA Health v. Dep't of Pub. Safety*, 344 Md. 85, 91, 685 A.2d 435 (1996)). The defense is available "not only to the State itself, but also its agencies and instrumentalities," such as the Maryland Department of Human Services. *Proctor v. Washington Metropolitan Area Transit Authority*, 412 Md. 691, 709, 990 A.2d 1048 (ciing *Katz v. Washington Sub. San. Comm'n*, 284 Md. 503, 507-08, 397 A.2d 1027 (1979). The State legislature may waive its immunity in its own courts under Maryland law, but Maryland courts strictly construe any purported waiver provision "in favor of the sovereign." *Id.* Accordingly, Maryland courts require waiver to be "unequivocally expressed" in the statutory text before finding that Maryland has waived its immunity to suit under a given claim. *Lizzi v. Washington Metropolitan Area Transit Authority*, 156 Md. App. 1, 10, 845 A.2d 60 (Md. Ct. Spec. App. 2003), *aff'd on other grounds*, 349 Md. 199, 862 A.2d 1017 (2004).

Plaintiff cites two authorities for the proposition that Maryland has waived its sovereign immunity to claims asserted against it under Title I of the ADA in its own courts. *See Paulone v. City of Frederick*, WDQ-09-2007, 2010 WL 3000989, at *3 (D. Md. 2010); *Zei v. Maryland Transit Admin.*, 433 Md. 254, 73 A.3d 1 (2012). Neither of these cases support the Plaintiff's position.

In *Paulone*, this Court dismissed a plaintiff's state torts (negligent supervision and training) after finding that the State of Maryland had not waived its immunity to state tort actions advanced in federal court. 2010 WL 3000989, at *3. *Paulone* particularly focused on the scope of the waiver provision embedded in the Maryland Tort Claims Act ("MTCA"), Md.

Code Ann. State Gov't § 12-104(a)(1), which sets forth that "the immunity of the State and of its units is waived as to a tort action, in a court of the State." Reiterating Fourth Circuit precedent, this Court noted that the MTCA "clearly limits the State's waiver of immunity to actions brought in the Maryland courts." *Paulone*, 2010 WL 3000989, at *3 (citing *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 397 (4th Cir. 1990)). *Paulone*, however, does not suggest that the State has waived its immunity to Title I of the ADA in state courts. The MTCA waives immunity to *tort actions* brought in state court; it does not waive immunity as to all causes of actions or to claims brought under federal law. *Cf. Carter v. Maryland*, JKB-12-1789, 2012 WL 6021370, at *6 (D. Md. Dec. 3, 2012) ("The State Defendants have provided no authority for the proposition that a violation of a federal statute—in this case, the ADA—constitutes a tort under Maryland law); *Litz v. Md. Dep't of Eviron.*, 446 Md. 254, 274 (2016), (holding that claim of inverse condemnation is not considered a "tort" for purposes of the MTCA") (citing *Reichs Ford Rd. Joint Venture v. State Roads Comm'n of the State Highway Admin.*, 388 Md. 500, 506 n.2 (2005)).

*Zei v. Maryland Transit Admin.*, 433 Md. 254, 71 A.3d 1 (2012) is similarly unavailing. In that case, the plaintiff brought his claims against the Maryland Transit Administration under the Rehabilitation Act, 29 U.S.C. § 504. *Id.* at 258 n.1. The Court did not discuss sovereign immunity, much less analyze any purported statutory waivers of sovereign immunity to ADA claims. Although the opinion discussed discrimination standards under the ADA when resolving the plaintiff's Rehabilitation Act claims, this Court cannot infer from the analysis in *Zei* that the State of Maryland has waived its state sovereign immunity to ADA Title I actions.

In sum, Plaintiff's assertion that removal is "not legitimate" fails because Defendant

would have been entitled to a sovereign immunity defense no matter the forum in which it was litigating. Plaintiff has failed to provide any authority which would suggest that the State of Maryland and its agencies, including the Department of Human Services, are amenable to suit under Title I of the ADA in Maryland courts. *Paulone* merely recognizes that the State of Maryland has waived its immunity with respect to certain tort actions, and *Zei* does not discuss the topic of immunity at all. This Court is unaware of any authority holding that the State of Maryland has waived its immunity to suit under the ADA in its own courts. Plaintiff cannot claim that the Defendant has unfairly regained its sovereign immunity defense by removing this action; the defense is available to it in both state and federal courts. Accordingly, Plaintiff's Motion to Remand based upon improper removal is without merit.

## III. Sovereign Immunity Bars Plaintiff's ADA Claims.

Plaintiff unambiguously concedes that the Eleventh Amendment bars her ADA claims against the State of Maryland in federal court. (Pl.'s Mot. to Remand 3, ECF No. 5-1.) ("The State of Maryland is immune from ADA suits from its employees for damages in [f]ederal [c]ourt.") Although the Defendant has taken the position that the defense remains available to it in both state and federal court, it has not yet rasied a sovereign immunity defense in this action. (Def.'s Resp. 4, ECF No. 14; Def.'s Mot. to Dismis, ECF No. 13.) The Defendant's failure to formally raise the defense does not preclude this Court from addressing it. The Fourth Circuit has urged that "because of its jurisdictional nature, a court ought to consider the issue of Eleventh Amendment immunity at any time, even *sua sponte*." *McCray v. Md. Dep't of Trans., Md. Transit Admin.*, 741 F.3d 480, 483 (4th Cir. 2014) (citing *Suarez Corp. Indus. V. McGraw*, 125 F.3d 222, 227 (4th Cir. 1997)).

Despite Congress's attempt to abrogate states' Eleventh Amendment immunity from suit under Title I of the ADA, the Supreme Court has recently held that Congress exceeded its authority in doing so. *Passaro v. Virginia*, --- F.3d ---, 2019 WL 3849555, at *2 (4th Cir. 2019) (citing *Bd. of Trustees v. Garrett*, 531 U.S. 356, 121 S. Ct. 955 (2001)). Absent waiver or other circumstances not present in this litigation, the State of Maryland is immune to suit under Title I of the ADA in federal court. *Id.*; *see also Cook v. Springfield Hosp. Ctr.*, ELH-16-2024, 2016 WL 6124676, at *8 (D. Md. Oct. 19, 2016) ("Maryland has not waived its immunity from . . . Title I ADA claims in federal court.") (quoting *Mattison v. Md. Transit Admin., Md. Dep't of Transp.*, RDB-15-1627, 2016 WL 2898020, at *5 (D. Md. May 18, 2016)). As previously indicated, Plaintiff does not argue that the State has waived its sovereign immunity in this action[1] and in fact concedes that sovereign immunity prohibits her from bringing a Title I ADA claim against the Defendant in federal court. Accordingly, Plaintiff's Title I ADA claims (Counts I and III) are DISMISSED WITH PREJUDICE.

## IV. This Court Declines to Exercise Supplemental Jurisdiction Over Plaintiff's Remaining State Law Claims.

Only Plaintiff's claims under Maryland Fair Employment Practices Act remain (Counts II and IV). Having disposed of the federal claims which formed the basis of this Court's jurisdiction, this Court declines to exercise supplemental jurisdiction over the pending state law claims. *See* 28 U.S.C. § 1367(c)(3) (authorizing a district court to decline to exercise supplemental jurisdiction when it "has dismissed all claims over which it has original

---

[1] Any argument that the Defendant has waived its sovereign immunity defense by removing this action to federal court must fail because the defense was available to the Defendant in both state and federal court. *See Stewart v. North Carolina*, 393 F.3d 484, 490 (4th Cir. 2005) (finding "nothing inconsistent, anomalous, or unfair" about permitting a state to remove an action to federal court to present a sovereign immunity defense, so long as that defense was also available to it in its own courts).

9

jurisdiction"); *Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 1995) ("[A] court has discretion to dismiss or keep a case when it has dismissed all claims over which it has original jurisdiction.").

When a district court declines to exercise supplemental jurisdiction over state law claims originally brought in state court, it has the discretion to remand the case back to state court. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350, 108 S. Ct. 614 (1988) ("A district court has discretion to remand to state court a removed case involving pendent claims upon a proper determination retaining jurisdiction over the case would be inappropriate.") This case was originally filed in state court and it is therefore within this Court's discretion to remand Plaintiff's state law claims back to the Circuit Court for Baltimore City. *See Safar v. Tingle*, 859 F.3d 241, 257 (4th Cir. 2017) ("[W]e have recognized that in declining supplemental jurisdiction ... 'a court may dismiss the claim or, if it was removed, remand it to State court.'" (quoting *Hinson v. Norwest Fin. South Carolina*, 239 F.3d 611, 616 (4th Cir. 2001))); *Wood v. Crane Co.*, 764 F.3d 316, 321 (4th Cir. 2014) ("'[A] federal district court has discretion under the doctrine of pendent jurisdiction to remand a properly removed case to state court when all federal-law claims have been eliminated.'" (quoting *Carnegie-Mellon*, 484 U.S. at 345)). Accordingly, the remaining state law claims set forth in Counts II and IV are REMANDED to the Circuit Court for Baltimore City, Maryland.

For these reasons, it is HEREBY ORDERED this 17th day of September 2019 that:

1. Plaintiffs' Motion to Remand (ECF No. 5) is DENIED with respect to her federal ADA claims as set forth in Counts I and III, and GRANTED with respect to her state claims set forth in Counts II and IV.

2. Defendant's Motion to Dismiss Counts III and IV of the Complaint (ECF No. 13) is DENIED AS MOOT;

3. Plaintiff's ADA claims (Counts I and III) are DISMISSED WITH PREJUDICE;

4. This case, including Plaintiff's FEPA claims (Counts II and IV), is REMANDED to the Circuit Court for Baltimore City, Maryland;

5. The Clerk of Court forthwith transmit a certified copy of this Order and the record in this case to the Clerk of the Circuit Court for Baltimore City, Maryland;

6. The Clerk of Court shall transmit a copy of this Order to counsel of record;

7. The Clerk of Court shall CLOSE THIS CASE.

_____
Richard D. Bennett
United States District Judge